## Commonwealth ex rel. *v.* Murphy, Appellant.

*Public officers—Township supervision—Election law—Constitutional amendments of 1909.*

Where a person is elected to the office of township supervisor at the February election of 1910, such person is entitled under the constitutional amendments of 1909 and the schedule thereto, to hold his office until the first Monday in December, 1913, although the ballot used at his election specified the term of the office to be one year.

Argued May 9, 1912. Appeal, No. 127, Jan. T. 1912, by defendant, from judgment of C. P. Fayette Co., March T., 1912, No. 69, for relator on demurrer to answer in case of Commonwealth ex rel. David Cole v. N. E. Murphy. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Demurrer to answer to petition for quo warranto. Before VAN SWEARINGEN, J.

The petition for the writ set forth that the relator was elected road supervisor of North Union township at the election held on the third Tuesday of February, 1910; that a certificate of election was given to him, and that he subscribed to the oath of office and continued to discharge the duties of the office until the defendant usurped the office.

The respondent by his answer objected that the petition did not show the relator entitled to the office, and

further set forth that on the third Tuesday of February, 1908, William C. Bowers was elected road supervisor for the term of three years, and that he served for the period of one year, when he resigned and N. E. Murphy was appointed to fill the vacancy. That at the regular election in February, 1910, the relator was elected on a ballot, which specifically mentioned a term of one year. That the term of the relator expired on the first Monday of December, 1911, and that in November, 1911, respondent was duly elected township supervisor under the Act of 1911 to fill the vacancy caused by the expiration of the term of relator.

The relator demurred to the answer, and the court entered judgment of ouster.

*Error assigned* was the judgment of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *George Patterson,* for appellant.—It has been held in a number of cases, among which may be noted Milligan's Appeal, 96 Pa. 222; Chamberlin v. Hartley, 152 Pa. 544; North Union Twp. School Directors' Case, 23 Pa. C. C. R. 593, that if candidates for the same office are to be elected for different terms the ballot must designate the term for which each candidate, if elected, is to serve, or the votes cannot be counted for that office.

It appears from the facts as stated by the court that at the election in February, 1910, a supervisor was elected for a term of three years. It therefore appears that the official ballot was made up by designating certain candidates for the term of one year and certain candidates for the term of three years. It is therefore apparent that the commissioners and the electors construed the statute as the appellant claims it should be construed.

The electors are bound by this construction, because the statute provides a method by which errors in the

official ballot may be corrected, Section 15 of the Act of June 10, 1893, P. L. 419.

A person elected to an office, the term of which is specified on the official ballot, does not, in the absence of constitutional or legislative provision extending the term, get any longer or greater term than that specified on the ballot.

*H. S. Dumbaul,* with him *David E. Bane,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1912:

The learned court below correctly stated the question for decision to be, "Whether or not the term of office of the relator expired in 1911, leaving a vacancy to be filled at the November election of that year?" The relator was chosen a township supervisor at the February election, 1910. There was a vacancy in the office to be filled by election at that time and the ballot specified the term to be one year. But the court below decided that the constitutional amendments of 1909 and the schedule thereto, which were then in force and effect, had expressly fixed and determined the period during which all such officers elected in February, 1910, should serve, and that they gave the relator the right to hold the office to which he had been elected until the first Monday in December, 1913.

The fourth paragraph of the schedule [5 Purdon's Dig. (Stewart's Ed.) 5197, Sec. 13], provides: "In the year 1910 the municipal election shall be held on the third Tuesday of February, as heretofore; but......all officers chosen at that election to offices the term of which is now four years, or is made four years by the operation of these amendments or this schedule, shall serve until the first Monday in December in the year 1913." The office of supervisor is one whose term was made four years by the operation of the amendments, and the case of the relator is affected thereby. The lan-

guage of the schedule is not that persons elected to offices for a term of four years, or for a term of any number of years, shall hold until December, 1913, but that "all officers chosen at that election to offices the term of which is now four years or is made four years" shall serve until December, 1913. The regular fixed term of the office and not the length of the term as stated on the ballot determines whether or not a person chosen at the February election, 1910, is affected by this provision of the schedule. The words are clear and "it is not for the courts to say that the people did not mean what is so plainly said in the amendment to the constitution which by their votes was adopted in 1909": Etter v. McAfee, 229 Pa. 315, p. 318. It is to be noted that the legislative scheme of adjustment of the terms of supervisors of the grade of the relator (Act of June 14, 1911, P. L. 942) appears to follow this construction of the constitutional amendments.

We conclude that the court below committed no error; the assignments are overruled and the judgment is affirmed.