# Commonwealth ex rel., Appellant, *v.* Krepps.

*Public officers—Term of office—Township supervisor—Schedule of 1909—Act of June 14, 1911, P. L. 942.*

The term of office of a township supervisor elected at the February election of 1909, for the unexpired term of a predecessor in office whose term expired on the first Monday of March, 1911, was

extended to and expired on the first Monday of December, 1911, by the schedule of constitutional amendments adopted in 1909, and could not be further extended by the Act of June 14, 1911, P. L. 942, beyond the time definitely fixed for its expiration by the constitutional amendment.

Com. v. Murphy, 236 Pa. 608, distinguished.

Argued Jan. 15, 1913. Appeal, No. 323, Jan. T., 1912, by relator, from judgment of C. P. Fayette Co., June T., 1912, No. 570, discharging writ of quo warranto in case of Commonwealth of Pennsylvania ex rel., John F. Dawson v. O. P. Krepps. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Quo warranto to determine authority to exercise office of township supervisor of Menallen Township. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in discharging the writ.

*S. J. Morrow,* with him *D. E. Bane* and *Reppert, Sturgis & Morrow,* for appellant.

*D. W. Henderson,* with him *Sterling, Higbee & Matthews,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 3, 1913:

This controversy grows out of the confusion resulting from lengthening the term of township and other local offices, and in the change made in the time for holding municipal elections under the constitutional amendments of 1909 and the Act of June 14, 1911, P. L. 942. The case was heard in the court below on petition, answer and demurrer, and, therefore, all facts properly pleaded must be accepted as true. At the February election in 1909, the relator was elected township supervisor for the unexpired term of his predecessor in office who had resigned. The term for which the relator was

elected expired on the first Monday in March, 1911, and the question for decision is whether his term of office was extended until the first Monday of December, 1913, under the Act of 1911, or until the first Monday of December, 1911, as provided by that section of the schedule to the constitutional amendments adopted in 1909, which relates to city, ward, borough and township officers holding office at the date of their adoption. If the term for which the relator was elected was extended to and expired on the first Monday of December, 1911, he has no title to the office to be asserted through a quo warranto proceeding and he has no standing to demand the relief sought. Appellant was in office at the date of the approval of the amendments and comes within the express provisions of the section of the schedule hereinbefore referred to which reads as follows: "All city, ward, borough and township officers holding office at the date of the approval of these amendments, whose terms of office may end in the year 1911, shall continue to hold their offices until the first Monday of December of that year." It was the evident intention of the framers of the constitutional amendments to extend the term of local officers whose terms of office expired on the first Monday of March, 1911, until the first Monday of December of that year, so that a successor could be elected at the municipal election in November. The first municipal election under the constitutional amendments was to be held in November, 1911, and as to all local officers whose terms of office had expired prior to that time, no sufficient reason has been suggested why there should not be an election for the full term at the first municipal election held for the purpose. Indeed, the plain words of the amendments provide for such an election and no other conclusion can be reached without disregarding what was so plainly written. It is contended for appellant that the Act of 1911, extends the term of the relator until the first Monday of December, 1913, and, it must be conceded, the language of this act

not only bears such an interpretation, but that it is strongly indicative of such a purpose. The answer to this position is that the legislature in 1911, had no power to extend terms of office beyond the time definitely fixed for their expiration by the constitutional amendments. The Act of 1911, may very properly apply to all such officers elected in 1909 and 1910, whose terms of office did not expire in 1911, without being in conflict with the constitutional provisions, but it cannot apply to officers whose terms expired in 1911, because as to such officers the schedule definitely fixed the time for their expiration. What the amendments expressly provide cannot be disregarded either by the legislature or by the courts. The organic law is supreme and must prevail in all branches of government. We therefore concur in the conclusion reached by the learned court below that appellant failed to establish his title to the office of township supervisor and is without standing to maintain the present proceeding.

It is only necessary to say that Com. v. Murphy, 236 Pa. 608, so strongly relied on by appellant, does not rule the present case. In that case Cole was elected in 1910 and was not in office at the time of the adoption of the amendments in 1909. The section of the schedule hereinbefore quoted did not apply to Cole because he was not in office when the amendments were adopted and he was not within the exceptional class of cases for which special provision was therein made.

Judgment affirmed at cost of appellant.